**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STEPHEN TURNER,<br><br>                    Plaintiff,<br><br>          v.<br><br>CITY OF SUNNYVALE, et al.,<br><br>                    Defendants. | Case No.  5:25-cv-05154-BLF<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT; ORDER RE RELATED MOTIONS**<br><br>[Re:  ECF Nos. 42, 45, 46, 49] |

Before the Court is Defendants Ramada by Wyndham Sunnyvale/Silicon Valley, Farid Sherzai, Roger Chang, David Chang, and Jeffry Chang's (collectively, "Ramada Defendants'") motion to set aside the clerk's entry of default against them.  ECF No. 42 ("Mot."), 52 ("Reply").  Pro se Plaintiff Stephen Turner opposes the motion.  ECF No. 48 ("Opp.").  Relatedly, Mr. Turner moves to strike the Ramada Defendants' motion to dismiss and for entry of default judgment.  ECF Nos. 45, 46, 49.  The matters are suitable for decision without oral argument; the Court VACATES the hearings set for May 28, 2026, June 25, 2026, and July 23, 2026.  *See* Civ. L.R. 7-1(b).

For the following reasons, the Court GRANTS the Ramada Defendants' motion to set aside default, GRANTS Mr. Turner's motions to strike the Ramada Defendants' motion to dismiss, and DENIES AS MOOT Mr. Turner's motion for default judgment.

## I.    BACKGROUND

Mr. Turner filed his initial complaint on June 18, 2025, and his first amended complaint on August 18, 2025.  ECF Nos. 1, 10.  Mr. Turner moved for leave to file a second amended complaint on November 14, 2025.  ECF No. 25.  After the case was reassigned, the Court directed all defendants in this case to indicate whether they opposed Mr. Turner's motion for leave to

United States District Court
Northern District of California

United States District Court
Northern District of California

amend. ECF No. 33. On January 8, 2026, Defendants City of Sunnyvale, Nancy Grove, and Emy Morgan (collectively, "Sunnyvale Defendants") indicated that they did not oppose Mr. Turner's motion for leave to amend. ECF No. 35. The Ramada Defendants did not respond to the Court's order.

On January 9, 2026, the Court granted Mr. Turner's motion for leave to amend, deeming the attached proposed second amended complaint as filed the same date. ECF No. 37 ("Amendment Order"). The Court directed all defendants in this case to "file their responsive pleadings within the time limits prescribed by the Federal Rules of Civil Procedure following service of the verified Second Amended Complaint." *Id.* at 5

Mr. Turner filed the second amended complaint on January 9, 2026. ECF No. 38 ("SAC"). CM/ECF reflects that the SAC was served electronically on all defendants in this case on January 16, 2026:

**Notice of Electronic Filing**

The following transaction was entered on 1/16/2026 at 2:27 PM PST and filed on 1/9/2026
**Case Name:**    Turner v. City of Sunnyvale et al
**Case Number:**   5:25-cv-05154-BLF
**Filer:**    Stephen Turner
**Document Number:** 38

**Docket Text:**
**SECOND AMENDED COMPLAINT against David M. Chang, Jeffrey C. Chang, Roger Chang, City of Sunnyvale, Nancy Grove, Emy Morgan, Ramada by Wyndham Sunnyvale/Silicon Valley, Farid Sherzai, Wyndham Hotels and Resorts, Inc. Filed by Stephen Turner. (cjl, COURT STAFF) (Filed on 1/9/2026)**

*See also* ECF No. 42-1 ("Seto Decl.") Ex. A. The Sunnyvale Defendants moved to dismiss the SAC on January 23, 2026. ECF No. 39.

On January 24, 2026, Mr. Turner moved for entry of default against the Ramada Defendants, stating as follows: "Plaintiff filed his Verified Second Amended Complaint on January 9, 2026. All Defendants were served with the [SAC] through the Court's CM/ECF system, as they had previously appeared in this action. Pursuant to Federal Rule of Civil Procedure 15(a)(3), Defendants were required to serve an answer or responsive motion by no later than January 23, 2026. . . . [The Ramada Defendants] have failed to [respond] and have not sought an extension of time." ECF No. 40 at 2 (paragraph numbers omitted).

On January 26, 2026, counsel for the Ramada Defendants emailed Mr. Turner that the Ramada Defendants' "failure to file a response . . . was due to a clerical error" and requesting that Mr. Turner stipulate to withdrawing his default motion and extending their time to respond to

2

January 28, 2026.  Seto Decl. Ex. B.  On January 27, 2026, Mr. Turner refused to stipulate to withdrawal of his default motion.  *See id.*  The same day, counsel for the Ramada Defendants responded that, after reviewing "the file including the order concerning [their] response deadline," they learned that their "response [was] not due yet."  *Id.*

The Clerk of Court entered default against the Ramada Defendants on January 27, 2026.  ECF No. 41.  The Ramada Defendants moved to set aside entry of default on January 29, 2026.  The same day, the Ramada Defendants also moved to dismiss.  ECF No. 43.

On January 31, 2026, and February 2, 2026, Mr. Turner moved to strike the Ramada Defendants' motion to dismiss due to the Clerk's entry of default.  ECF Nos. 45, 46.  On February 4, 2026, Mr. Turner moved for default judgment as to the Ramada Defendants.  ECF No. 49.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 60(a) authorizes the Court to "correct a clerical mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  "An error arises from oversight or omission whenever 'the thing spoken, written or recorded is *not what the person intended* to speak, write or record.'"  *Waggoner v. R. McGray, Inc.*, 743 F.2d 643, 644 (9th Cir. 1984) (per curiam) (quoting *Allied Materials Corp. v. Superior Products Co.,* 620 F.2d 224, 226 (10th Cir.1980)).

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause."  Good cause is established when the defendant demonstrates that (1) the default was not the result of culpable conduct, (2) the defendant has a meritorious defense, and (3) setting aside the default would not result in prejudice to the plaintiff.  *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001).  Although the same test governs motions to set aside entry of default and motions for relief from final default judgment under Federal Rule of Civil Procedure 60, the test is "more liberally applied in the Rule 55(c) context."  *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010).

United States District Court
Northern District of California

### III.    DISCUSSION

#### A.    Rule 60(a)

The Ramada Defendants argue that the Clerk's January 27, 2026, entry of default was premature because the deadline to respond to the SAC was January 30, 2026 (fourteen days after electronic service), not January 23, 2026 (fourteen days after filing).  Mot. at 4.  Mr. Turner responds that, because the Court's January 9, 2026, Amendment Order "expressly deemed the SAC filed as of the date of the Order . . . electronic service via the Court's CM/ECF system was complete that same day."  Opp. at 11.

This dispute boils down to a simple confusion regarding the legal significance of two different dates in this case: the SAC's date of filing (January 9, 2026) and the SAC's date of service (January 16, 2026).  It is the latter that defines the Ramada Defendants' deadline to respond to the SAC.  *See* Fed. R. Civ. P. 15(a)(3) (requiring that "any required response to an amended pleading" be made within the later of "the time remaining to respond to the original pleading or within 14 days after service of the amended pleading").  To the extent that Mr. Turner argues that *the Court* in effect served the SAC on the Ramada Defendants on January 9, 2026, by issuing the Amendment Order and deeming filed the proposed SAC attached to his motion for leave to amend (as required by this district's local rules), he is mistaken.  Service of the SAC was effectuated by "sending it to a registered user [i.e., the Ramada Parties] by filing it with the court's electronic-filing system," i.e., January 16, 2026.  Fed. R. Civ. P. 5(b)(2)(E).

Mr. Turner's cited cases do not compel a contrary result, as neither establishes that an order deeming an amended pleading filed constitutes service of a document that has not yet been transmitted through CM/ECF.  *See* Opp. at 11–12 (citing *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709 (9th Cir. 2020); *Emp. Painters' Tr. v. Ethan Enterps., Inc.*, 480 F.3d 993 (9th Cir. 2007)).  *KST Data* discusses a district court's authority to set an amended pleading's effective *filing* date.  90 F.3d at 713.  Employee Painters' Trust states only that amended complaints may be served pursuant to Rule 5(b).  480 F.3d at 999.

Because the Clerk entered default prior to the Ramada Defendants' deadline to respond to the SAC, they are entitled to correction under Rule 60(a).  Mr. Turner nonetheless dedicates a

significant amount of briefing to his argument that "counsel's misunderstanding of the Rule 15(a)(3) response deadline following electronic service of the [SAC]" constitutes "attorney malpractice, not 'excusable neglect.'" Opp. at 8. Simply put, Mr. Turner's reliance on cases discussing the excusable-neglect standard is misplaced: The Ramada Defendants' motion is predicated on Rules 60(a) and 55(c), not Rule 60(b)(1).

**B.  Rule 55(c)**

Even if Mr. Turner were correct that the deadline to respond to the SAC was January 23, 2026, and not January 30, 2026, the Court would find it appropriate to set aside the Court's entry of default because the Ramada Defendants have demonstrated good cause under Rule 55(c). Specifically, the Court finds that the ambiguity caused by the ECF entry showing a filing date of January 9 and entry date of January 16, for a document that was electronically served on January 16, independently warrants setting aside the entry of default.

First, there is no indication that the Ramada Defendants acted culpably or otherwise demonstrated bad faith—counsel for the Ramada Defendants has filed an affidavit averring their belief that the response deadline had not expired at the time Mr. Turner moved for default. *See* Seto Decl. ¶ 4. *Cf. Mesle*, 615 F.3d at 1092 ("[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." (alterations in original) (quoting *TCI Grp.*, 244 F.3d at 697)). Second, based on a cursory review of the Ramada Defendants' motion to dismiss, the Court concludes that they have cleared their "minimal" burden in establishing a meritorious defense. *Id.* at 1094. Third, in the absence of any evidence to the contrary, the Court finds little to no prejudice to Mr. Turner from setting aside the default—his bald assertion that Rule 55(c) relief would result in "delay" is not enough.

**C.  Related Motions**

While the Court will set aside the Clerk's entry of default, Mr. Turner is correct that the Ramada Defendants could not file the motion to dismiss while in default. ECF Nos. 45, 46. The Court will accordingly STRIKE the Ramada Defendants' motion to dismiss without prejudice to re-file. This order renders moot Mr. Turner's motion for default judgment, *see* ECF No. 49, which is DENIED without prejudice to re-filing if entry is later entered against the Ramada Defendants.

United States District Court
Northern District of California

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) The Ramada Defendants' motion to set aside default is GRANTED.

(2) Mr. Turner's motions to strike the Ramada Defendants' motion to dismiss is GRANTED.  The Ramada Defendants SHALL re-file their motion or otherwise respond to the SAC within seven days of the date of this order.  The parties are admonished that, pursuant to the Court's standing order, page limits are enforced per side, not per party.  *See* Standing Order re Civil Cases § IV.A.6.

(3) Mr. Turner's motion for default judgment is DENIED AS MOOT.

(4) This order terminates ECF Nos. 42, 45, 46, 49.

Dated:  February 13, 2026

_____
BETH LABSON FREEMAN
United States District Judge