United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

STEPHEN TURNER,

                Plaintiff,

        v.

CITY OF SUNNYVALE, et al.,

                Defendants.

Case No.  5:25-cv-05154-BLF

**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**

[Re:  ECF No. 39]

Before the Court is Defendants City of Sunnyvale ("City"), Nancy Grove, and Emy Morgan's (collectively, "City Defendants'") motion to dismiss pro se Plaintiff Stephen Turner's second amended complaint ("SAC").  ECF No. 39 ("Mot."); ECF No. 55 ("Reply").  Mr. Turner opposes the motion.  ECF No. 52 ("Opp.").  The matter is suitable for decision without oral argument; the hearing set for March 5, 2026, is VACATED.  *See* Civ. L.R. 7-1(b).

For the following reasons, the motion is GRANTED.

## I.    BACKGROUND

This case arises out of Mr. Turner's challenge to the City's enforcement of its Transient Occupancy Tax, *see* Sunnyvale Municipal Code § 3.16.040 ("TOT"), to his two stays at the Ramada by Wyndham Sunnyvale/Silicon Valley ("Hotel").  Mr. Turner alleges that, from January 9, 2024, to March 25, 2024, and July 29, 2024, to October 21, 2024, he "continuously occupied one hotel room without interruption" at the Hotel but was nonetheless charged the TOT.  SAC ¶ 27.  Following his stay, Mr. Turner contacted the Hotel and requested a refund, which was denied.  *Id.* ¶¶ 116–19.  Mr. Turner filed an appeal with the City, *id.* ¶ 123, which resulted in the issuance of a partial reimbursement, *id.* ¶ 125.

Mr. Turner subsequently initiated this action against the City Defendants, as well as

against the Hotel, Farid Sherzai, Roger Chang, David Chang, and Jeffry Chang (collectively, "Hotel Defendants"), seeking a full reimbursement of the TOT and damages for state law violations and deprivation of his federal constitutional rights.  ECF No. 1.  Mr. Turner filed the SAC on January 9, 2026.  ECF No. 39 ("SAC").

## II.    LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim."  *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023).  The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law."  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Rule 15(a).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  In deciding whether to grant leave to amend, the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital*.  In *Eminence Capital*, the Ninth Circuit identified several factors to consider, including (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment.  *See* 316 F.3d at 1052.

## III.    DISCUSSION

The City Defendants contend that all claims against them must be dismissed because they are barred by the Tax Injunction Act ("TIA"), which provides:  "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.

United States District Court
Northern District of California

2

United States District Court
Northern District of California

Mot. at 3–5. According to the City Defendants, the TIA bars this action unless there is not a plain, speedy, and efficient remedy available under state law because "the relief Plaintiff seeks is based upon the interpretation of the TOT and whether the Court can or will enjoin, suspend, and/or restrain the assessment, levying, and collection of TOT." *Id.* at 4. Mr. Turner responds that, because the TOT only applies to "transient" occupancies of thirty days or less, the application of the TOT against him constitutes an illegal exaction imposed without lawful taxing authority. Opp. at 14.

The TIA prohibits declaratory and injunctive relief in state tax disputes where there is an adequate remedy in state court, *see California. v. Grace Brethren Church*, 457 U.S. 393, 407 (1982), as well as an award of damages under 42 U.S.C. § 1983, *see Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 (1981). The Ninth Circuit has established three primary factors in determining whether a certain charge or assessment constitutes a tax for the purposes of the TIA, i.e., whether: (1) the entity that imposes the assessment is a legislative body; (2) the group upon whom the assessment is imposed is broad; and (3) assessments are treated as general revenues and are paid into the state's general fund. *See Bidart Bros. v. California Apple Comm'n*, 73 F.3d 925, 930 (9th Cir. 1996); *Banks v. Cnty. of San Mateo*, No. 16-cv-04455-YGR, 2017 WL 3434113, at *5 (N.D. Cal. Aug. 10, 2017). If the TOT is a tax under the TIA, an action for an injunction or section 1983 damages must be dismissed absent the TIA's plain, speedy, and efficient remedy exception, which is narrowly construed. *Grace Bretheren Church*, 457 U.S. at 413; *Retirement Fund Tr. of Plumbing v. Franchise Tax Bd.*, 909 F.2d 1266, 1273 (9th Cir. 1990).

The Parties do not dispute that the TOT is (1) imposed by the legislature (2) on the broad class of individuals who stay at hotels for thirty consecutive days or less and (3) not excluded from being paid directly into the City's general fund. Mr. Turner nevertheless argues that he is not challenging the TOT for occupancy of less than thirty days, but rather he claims that the TOT was erroneously imposed on him as an individual occupying a hotel room for more than thirty days. He argues that this is sufficient to defeat application of the TIA because "once th[e] [thirty-day] threshold is crossed, the City's taxing authority expires, and any further sums collected cease to be

a tax as a matter of law."  Opp. at 13.

Mr. Turner's argument is circular, since it relies on the Court interpreting the TOT in the first instance to determine whether it applies to Mr. Turner's stays at the Hotel.  Plaintiffs cannot avoid an otherwise proper application of the TIA merely by alleging that the tax was imposed in error because it is precisely those types of actions that the TIA preempts in the first instance. *Bidart Bros.*, 73 F.3d at 929 ("The legislative history of the TIA reflects Congress's concerns about the damaging effect of state tax suits in federal court on state budgets." (citing S. Rep. No. 1035, 75th Cong., 1st Sess. 2 (1937)).

Because the TOT is a tax for the purposes of the TIA, Mr. Turner's claims against the City Defendants must be dismissed unless he can show that there is no plain, speedy, and efficient remedy under state law.  *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512 (1981).  The Supreme Court has interpreted the phrase "plain, speedy and efficient" to describe the procedural criteria required of the state for taxpayers to challenge their tax liability.  *Id.*  In other words, procedures are plain, speedy, and efficient if the taxpayer has a "full hearing and judicial determination."  *Id.*

Here, the Sunnyvale Municipal Code provides an appeals process for TOT erroneously illegally collected by a hotel operator by filing a claim within three years with the tax administrator.  *See* Sunnyvale Municipal Code § 3.16.130.  California's tax refund process, which sets forth a detailed scheme for challenging the assessment of taxes through both administrative remedies and actions in state court (which Mr. Turner does not even address, having limited his arguments to the extent of the City's administrative procedures), has been repeatedly held to satisfy these requirements.  *Grace Brethren Church*, 457 U.S. at 413 (explaining that reviews process was "plain, speedy and efficient" because appellees could seek a refund of their unemployment taxes through state administrative and judicial procedures and obtain state judicial review of their constitutional claims); *Franchise Tax Bd. v. Alcan Aluminium*, 493 U.S. 331, 338 (1990) ("California's [franchise tax] refund procedures constitute a plain, speedy, and efficient remedy."); *see also Hyatt v. Yee*, 871 F.3d 1067, 1070 (9th Cir. 2017); *Jerron W., Inc. v. State of Cal., State Bd. of Equalization*, 129 F.3d 1334, 1339 (9th Cir. 1997), *as amended* (1998).

Mr. Turner's contention that the exception applies because the availability of state law procedures

is merely "speculative," Opp. at 12, is belied by the fact that he has already availed himself of those procedures to receive a partial refund. SAC ¶ 136. Like the state agency appeal process, the City's administrative process clearly provides for the opportunity to contest the tax assessment and seek a refund. The City further provides a written decision from which a lawsuit can be filed in state court, where Mr. Turner would have full opportunity to present his constitutional and other legal challenges, including under 42 U.S.C. § 1983. *See Milpitas Cab Co. v. Emp. Dev. Dep't of the State of California*, No. 15-cv-00730-NC, 2015 WL 3750189, at *3 (N.D. Cal. June 12, 2015).

Because Mr. Turner's claims against the City Defendants fall within the scope of the TIA, they must be dismissed. Mr. Turner's claims are fundamentally a challenge to the imposition of a municipal tax for which there is an available state procedural mechanism, and as such, he cannot cure the defects. Although the Court is mindful of Mr. Turner's pro se status and the absence of any bad faith or delay on his part, futility of amendment can, by itself, justify the denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). That is the case here, and the Court declines to grant leave to amend here because any such amendment would be futile. *See*, *e.g.*, *Milpitas Cab Co.*, 2015 WL 3750189, at *5.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) The motion is GRANTED.

(2) Mr. Turner's claims against the City Defendants are DISMISSED WITH PREJUDICE.

(3) This order terminates ECF No. 39.

Dated:  February 25, 2026

_____
BETH LABSON FREEMAN
United States District Judge