**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STEPHEN TURNER,<br><br>    Plaintiff,<br><br>  v.<br><br>RAMADA BY WYNDHAM<br>SUNNYVALE/SILICON VALLEY, et al.,<br><br>    Defendants. | Case No.  5:25-cv-05154-BLF<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON PARTIAL FINDINGS AS TO CITY DEFENDANTS**<br><br>[Re: ECF No. 62] |

The Court granted the City Defendants' motion to dismiss pro se Plaintiff Stephen Turner's claims against the City Defendants with prejudice, ECF No. 61, after which Mr. Turner moved for judgment on partial findings as to the City Defendants.  ECF No. 62 ("Mot.").  The City Defendants oppose the motion.  ECF No. 65 ("Opp.").  The Court finds the matter suitable for decision without oral argument and VACATES the hearing set for June 18, 2026.  *See* Civ. L.R. 7-1(b).

As relevant here, Rule 54(b) provides that "[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."  Separate judgments for less than all parties or less than all claims must be reserved for the unusual case in which the costs and risks of multiplying number of proceedings and of overcrowding the appellate dockets are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.  *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

The moving papers make clear that reason for the motion is simply that Mr. Turner wishes to immediately appeal the Court's dismissal of the claims against the City Defendants.  Contrary to his suggestions otherwise, having to "wait until the end of all proceedings against the Hotel Defendants to appeal" is not prejudicial or inefficient but rather a natural consequence of filing a complaint against nine different defendants.  Mot. at 4.  In any case, the City Defendants in opposition assert that the parties have reached a settlement agreement, *see* Opp. at 1, further counseling against granting the motion.[1]

There is just cause for delaying the appeal of the claims against the City Defendants until the Court adjudicates the remaining claims in this case.  *See Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. 01-cv-21151-JW, 2007 WL 1670185, at *1 (N.D. Cal. Apr. 26, 2007).  The motion is accordingly DENIED.

**IT IS SO ORDERED.**

Dated:  April 1, 2026

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] On April 1, 2026, Mr. Turner also filed a "notice of voluntary dismissal with prejudice" as to the City Defendants.  ECF No. 70.  The City Defendants having already been dismissed from this action with prejudice, it is unclear what Mr. Turner intended to achieve with the notice.  That said, the notice appears consistent with the City Defendants' representation that the parties have settled.

2