UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

STEPHEN TURNER,
Plaintiff,

v.

FARID SHERZAI, et al.,
Defendants.

Case No. 25-cv-05154-BLF

**ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT**

[Re: ECF No. 78]

Before the Court is (1) Defendants David Chang, Jeffrey Chang, Roger Chang, Ramada by Wyndham Sunnyvale/Silicon Valley, and Farid Sherzai's (collectively, "Hotel Defendants") motion to dismiss pro se Plaintiff Stephen Turner's third amended complaint, ECF Nos. 76 ("TAC"), 78 ("Mot."), 80 ("Opp."), 82 ("Reply"); (2) Hotel Defendants' motion to strike portions of the TAC; and (3) Mr. Turner's cross motion for partial summary judgment, Opp. at 27–29, 83 ("Cross Opp."), 85 ("Cross Reply").

For the following reasons, the motion to dismiss for lack of subject matter jurisdiction is GRANTED without prejudice to file an appropriate action in state court.

## I. BACKGROUND

This case arises out of a tax dispute. Mr. Turner's challenges the City's imposition of a Transient Occupancy Tax ("TOT") to his two stays at the Ramada by Wyndham Sunnyvale/Silicon Valley ("Hotel"). *See* Sunnyvale Municipal Code § 3.16.040. Mr. Turner alleges that, from January 9, 2024, to March 25, 2024, and July 29, 2024, to October 21, 2024, he "continuously occupied one hotel room without interruption" at the Hotel but was nonetheless charged the TOT. SAC ¶ 27.

Following his stay, Mr. Turner contacted the Hotel and requested a refund, which was

United States District Court
Northern District of California

denied. *Id.* ¶¶ 116–19. Mr. Turner filed an appeal with the City, *id.* ¶ 123, which resulted in the issuance of a partial reimbursement, *id.* ¶ 125. Mr. Turner then sued (1) the Hotel Defendants; and (2) the City of Sunnyvale, Nancy Grove, and Emy Morgan (collectively, "City Defendants"), seeking a full reimbursement of the TOT and damages for state law violations and deprivation of his federal constitutional rights. ECF No. 1.

On February 25, 2025, the Court dismissed Mr. Turner's Second Amended Complaint ("SAC") against the City Defendants. ECF No. 61. The Court granted leave to amend for Mr. Turner "solely to assert diversity jurisdiction and to remove factual allegations and complaints against dismissed defendants." ECF No. 75. The Court further ordered that "[n]o claims or parties may be added without first obtaining leave of the Court." *Id.*

On May 4, 2026, Mr. Turner filed the TAC against the Hotel Defendants, substituting Executive Inn for the Hotel. ECF No. 76. The TAC alleges two counts. Count I alleges a violation of California's Unfair Competition Law ("UCL"). Bus. & Prof. Code § 17200 *et seq.* Count II alleges a violation of California's Elder Financial Abuse Act ("EFAA"). Welf. & Inst. Code § 15610.30.

The Hotel Defendants move to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court exercises diversity jurisdiction where (1) the case is between "citizens of different States"; and (2) the amount in controversy "exceeds the sum or value of $75,000." *Id.* "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016).

A party may challenge the Court's subject matter jurisdiction in a motion to dismiss under Fed. R. Civ. P. 12(b)(1). For purposes of determining the amount in controversy in a diversity action, "[t]he sum claimed by the plaintiff controls so long as the claim is made in good faith." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). But "[(1)] if, from the face of the

United States District Court
Northern District of California

pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or [(2)] if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938))).

### B. Leave to Amend

Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Rule 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In deciding whether to grant leave to amend, the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital*. In *Eminence Capital*, the Ninth Circuit identified several factors to consider, including (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. 316 F.3d at 1052.

## III. DISCUSSION

### A. Motions to Strike

#### 1. Portions of TAC That Allegedly Violate the Court's Order Granting Leave to Amend

Hotel Defendants move to strike "all [] material" from the TAC that is "non-conforming" with the Court's order granting leave to amend. Mot. at 11–12. Despite the Court's order, the Hotel Defendants contend, the TAC (1) adds a new party (Executive Inn); and (2) adds new factual allegations and theories of liability. Mot. at 11; *see also* TAC ¶ 12. Mr. Turner counters that (1) substituting Executive Inn for Ramada is a "correction of legal name and party identity"; (2) the TAC merely "refine[s]" preexisting theories; (3) the Hotel Defendants "fail to show undue prejudice"; and (4) Rule 15's amendment standard is liberal. Opp. at 17–18.

Under Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, the

question is not merely whether the TAC complies with Rule 15, but also whether the TAC complies with the Court's order granting leave to amend. *Contra* Opp. at 17–18. "When a district court grants leave to amend for a specified purpose, it does not thereafter abuse its discretion by dismissing any portions of the amended complaint that were not permitted." *See Raiser v. City of Los Angeles*, 2014 WL 794786, at *4 (C.D. Cal. Feb. 26, 2014) (citing *United States ex rel. Atkinson v. Pennsylvania Shipbuilding Co.*, 473 F.3d 506, 524 (3d Cir. 2007))). "The rule applies even if the court did not expressly bar amendments other than the one(s) it did allow." *Id.* And the rule "applies with equal vigor to pro se plaintiffs." *Id.*

After dismissing the SAC against City Defendants, the Court granted leave to amend for Mr. Turner "solely to assert diversity jurisdiction [against the Hotel Defendants] and to remove factual allegations and complaints against dismissed defendants." ECF No. 75 at 1. The Court further ordered that "[n]o claims or parties may be added without first obtaining leave of the Court." *Id.*

Mr. Turner appears to admit that the TAC does more than "assert diversity jurisdiction." *See* Opp. at 17 ("The TAC carried [the SAC's alter ego] theory forward and *refined it* . . . . Here, the factual *core* did not change[] . . . ." (emphases added)). The problem with Hotel Defendants' request, however, is that it does not specifically identify which portions of the TAC are to be stricken. Rather, the Hotel Defendants broadly contend that Mr. Turner "rewrote nearly the entirety of the complaint, adding new alter ego theories of liability, new factual allegations . . . , tripling the length of the UCL and Elder Abuse causes of action, and embedding several pages of legal briefing on the amount in controversy." Mot. at 11. But "[a] motion to . . . strike is not a fine-toothed comb with which a court is expected to pick meticulously through a complaint . . . ." *Optrics Inc. v. Barracuda Networks Inc.*, 2018 WL 10604751, at *3 (N.D. Cal. Apr. 9, 2018); *Tolliver v. Illinois Tool Works Inc.*, 2019 WL 6251279, at *5 (N.D. Cal. Nov. 22, 2019) (similar). The scope of Hotel Defendants' amorphous request is unclear: is the Court to strike specific paragraphs, allegations within paragraphs, entire counts, or perhaps the entire complaint? The Hotel Defendants' request here thus differs materially from their subsequent request to strike "enhanced allegations against the Chang Defendants." *Compare* Mot. at 22 (identifying specific portions of the TAC that the Hotel Defendants seek to strike); *see also id.* at 24 (similar).

United States District Court
Northern District of California

The Court therefore DENIES the motion to strike material in the TAC that is non-conforming to with the Court's order granting leave to amend.

**2. Enhanced Claims Against the Chang Defendants**

Hotel Defendants, however, also make two narrower—and more specific—requests to strike portions of the TAC. First, they seek to strike from the TAC "enhanced allegations against Roger Chang, David Chang, and Jeffry Chang ('Chang Defendants')" that "were not present in the SAC . . . ." Mot. at 22 (citing TAC ¶¶ 14–18, 67–70, 121). After reviewing the cited paragraphs of the TAC and comparing them to the SAC, the Court finds that these enhanced allegations were added to "assert diversity jurisdiction" consistent with the Court's order granting leave to amend.

The Court therefore DENIES the motion to strike paragraphs 14–18, 67–70, and 121 from the TAC.

**3. Punitive Damages Section**

Second, Hotel Defendants seek to strike from the TAC the "standalone Punitive Damages Section" that "was not present in any prior complaint and was added without leave." Mot. at 24 (TAC ¶¶ 115–123). After review, the Court concludes that the cited punitive damages allegations are consistent with the Court's order granting leave to amend. The Court granted leave to amend for Mr. Turner to, among other things, "assert diversity jurisdiction." ECF No. 75 at 1. Diversity jurisdiction requires a showing that the amount in controversy exceeds $75,000. The Court is satisfied that the TAC's punitive damages allegations were added to show diversity jurisdiction (i.e., that the amount in controversy exceeded the constitutional threshold).

The Court therefore DENIES the motion to strike the punitive damages section from the TAC. *See* TAC ¶¶ 115–123.

**B. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Hotel Defendants also move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See* Mot. at 12–15. Hotel Defendants argue that Mr. Turner has not established diversity of citizenship, has not met the amount-in-controversy requirement, and that the Court should decline to hear the case because it involves purely state law claims. Because the amount-in-controversy issue is dispositive, the Court addresses that issue only.

"The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cit, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016). "[I]n determining the amount in controversy, courts must take into account not only actual pecuniary damages, but potential damages for emotional distress, punitive damages and attorney's fees." *Martinez v. Rsrv. Life Ins. Co.*, 879 F.2d 865, at *2 (9th Cir. 1989). Diversity jurisdiction is wanting if, "from the face of the pleadings, it is apparent, *to a legal certainty*, that the plaintiff cannot recover the amount claimed . . . ." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996) (original emphasis). A party "may not meet its burden by simply reciting some magical incantation to the effect that 'the matter in controversy exceeds the sum of $75,000 but instead, must set . . . the underlying facts supporting its assertion that the amount in controversy exceeds $75,000." *Sasser v. Allstate Ins. Co.*, 2008 WL 4532562, at *3 (N.D. Cal. Oct. 8, 2008) (cleaned up). "[C]onclusory and unsupported damages requests are insufficient to establish that the amount in controversy is met." *Firsov v. United Airlines, Inc.*, 2026 WL 2660359, at *3 (N.D. Cal. Sept. 8, 2026).

Mr. Turner's amount-in-controversy theory is as follows. He seeks (1) $1,547.28 in economic damages, TAC ¶¶ 90, 93; (2) "at least $25,000 in non-economic compensatory damages" (i.e., for emotional harms), TAC ¶ 27; (3) punitive damages of at least $75,000, TAC ¶ 116, 28; Opp. at 19–20. Mr. Turner expressly "does not rely on attorney's fees to satisfy the jurisdictional threshold of $75,000." TAC ¶ 27. Rather, Mr. Turner alleges that "at least $25,000 in non-economic compensatory damages is reasonably pled," TAC ¶ 27, because, as a result of Hotel Defendants' conduct, he "experienced emotional distress, anxiety, frustration, sleepless nights, and related pain and suffering" that were exacerbated by his "prior history of PTSD," TAC ¶ 79; *see also* TAC ¶ 63 (alleging that the Hotel Defendants' "refusal to engage" with Mr. Turner "caused substantial frustration and distress"). Mr. Turner further alleges that at least $75,000 in punitive damages is sufficiently pled "based on Defendants' alleged wrongful use, fraud, intent to defraud, oppression, malice, intentional misrepresentation, and conscious disregard of [Mr. Turner's] rights." TAC ¶ 28.

Hotel Defendants argue that Mr. Turner's allegations of emotional harm boil down to "the frustration of initiating a refund dispute and receiving an answer he disagreed with," which is

insufficient to "support[] a $25,000 damages claim." Mot. at 13. Moreover, Hotel Defendants also argue that Mr. Turner fails to supply factual allegations of causation. *Id.* Hotel Defendants further argue that Cal. Civ. Code § 3345(b) can only treble statutorily authorized fines or penalties, but that neither California's UCL nor EFAA authorize as such. Mot. at 13–14 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404–05 (9th Cir. 1996)); *see also* Reply at 7–8. Mr. Turner responds that § 3345 may treble fines or penalties under the EFAA. *See* Opp. at 19–20.

The Court first addresses Mr. Turner's allegations that he sufficiently pled at least $25,000 of non-economic compensatory damages. *See La Grow v. JetBlue Airways Corp.*, 2024 WL 6843582, at *2 (N.D. Cal. Nov. 4, 2024) ("The Court must consider potential emotional distress damages when estimating the amount in controversy." (citing *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005))).

To support his compensatory-damages claim, Mr. Turner points the Court to two financial elder abuse verdicts. *See* TAC ¶ 29–33 (citing *Eber v. Veterans Care Coordination, LLC*, 2021 WL 6334639, at *1 (Cal. Sup. Ct. Aug. 24, 2021) and *Williams v. Nat'l W. Life Ins. Co.*, 293 Cal. Rptr. 3d 698, 700 (Ct. App. 2022)). To be sure, "jury verdicts in similar cases can provide evidence of the amount in controversy[] if the cases are factually identical or, at a minimum, analogous to the case at issue." *La Grow v. JetBlue Airways Corp.*, 2024 WL 6843582, at *2 (N.D. Cal. Nov. 4, 2024) (cleaned up); *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) (same). But neither *Eber* nor *Williams* is factually analogous—much less identical—to the case at bar. *Eber* arose out of an alleged scheme to fraudulently poach the plaintiff's pension. 2021 WL 6334639, at *1. And *Williams* concerned a fraudster who operated a "living trust will" to gain access to seniors and sell annuity products. 293 Cal. Rptr. 3d at 702. Those facts are hardly analogous to this case, which involves a dispute over a $1,547.28 tax refund.

Drawing all reasonable inferences in favor of Mr. Turner, the TAC at best alleges that Hotel Defendants' "refusal to engage" with him "caused substantial frustration and distress," "frustration, sleepless nights, and related pain and suffering" that were exacerbated by his "prior history of PTSD." TAC ¶¶ 63,79. No supporting evidence or additional factual allegations are pled. *See Sanchez*, 102 F.3d at 403 ("If [the party asserting] allegations of jurisdictional facts are challenged

by his adversary in any appropriate manner, he must support them by competent proof."). *Cf. Rosenboro v. Kim*, 994 F.2d 13, 17 (D.C. Cir. 1993) (affirming district court holding that plaintiff's claim did not satisfy the amount in controversy requirement to a legal certainty because plaintiff had submitted no medical evidence of her permanent back ailment). These blanket allegations therefore embody the sort of "conclusory and unsupported damages requests [that] are insufficient to establish that the amount in controversy is met." *Firsov*, 2026 WL 2660359, at *3. It is implausible that the conduct at hand—a tax refund dispute over $1,547.28 followed by a single email from defendant Sherzai informing Mr. Turner of the denial of his request for a refund—gives rise to $25,000 in compensatory damages.

And in any event, these allegations are wholly deficient to make out a plausible claim of financial elder abuse, which would be a necessary predicate for Mr. Turner to recover any non-economic damages whatsoever. *See Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 174 (2009) (financial elder abuse requires "taking, secreting, appropriating, or retaining property in bad faith[,]" i.e., that the defendant "knew or should have known that the elder had the right to have the property transferred or made readily available to the elder or to his or her representative[]"). The sequence of events—where Mr. Turner initiated a refund process, received an answer he disagreed with, and escalated his dispute to the City—comes nowhere close to showing bad faith on the Hotel Defendants' part. *See Thornhill Publishing Co., v. General Telephone & Electronics Corp.*, 594 F.2d 730, 734 (9th Cir.1979) ("[I]f the attack on jurisdiction requires the court to consider the merits of the case, the court has jurisdiction to proceed to a decision on the merits.").

The Court next addresses Mr. Turner's allegations that he sufficiently pled at least $75,000 in punitive damages. *See Martinez*, 879 F.2d at *2 ("[I]n determining the amount in controversy, courts must take into account . . . punitive damages . . . ."). Mr. Turner seeks punitive damages under two sources of authority: (1) Cal. Civ. Code § 3294, which permits punitive damages upon a clear and convincing showing of oppression, fraud, or malice; and (2) Cal. Civ. Code § 3345, which authorizes, upon a showing of elder abuse, the trebling of fines or penalties that are authorized by statute. *See* TAC ¶ 116. The Court addresses each in turn.

Under Cal. Civ. Code § 3294(a), a plaintiff may recover punitive damages in addition to

actual damages in "an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice." At best, the TAC alleges that Sherzai denied Mr. Turner's refund request, did not respond to further communications, *see* TAC ¶¶ 56–58, and that Mr. Turner thereafter escalated the dispute to the city and received a partial refund, *see* TAC ¶¶ 71–74. It is not plausible that the conduct at issue here supports a finding of oppression, fraud, or malice.

Moreover, to the extent the TAC leans on the punitive awards in *Eber* and *Williams* for support, those cases, as discussed, are not factually analogous to this case. Taking the facts of the TAC in the light most favorable to Mr. Turner, the Court finds, to a legal certainty, that the TAC cannot support a finding of oppression, fraud, or malice warranting punitive damages of $75,000. This amount is plucked from thin air with no factual support for liability or the amount. The TAC's prayer for punitive damages under § 3294(a) does not therefore support Mr. Turner's allegations that he meets the amount-in-controversy requirement. The Court's conclusion is further buttressed by the low economic damages figure and Mr. Turner's conclusory allegations of emotional harm.

Cal. Civ. Code § 3345(b) authorizes the jury to treble punitive damages that are "authorized by a statute" for unfair or deceptive acts against the elderly or disabled:

> Whenever a trier of fact is ***authorized by a statute*** to impose either a fine, or a civil penalty or other penalty, or any other remedy the purpose or effect of which is to punish or deter, and the amount of the fine, penalty, or other remedy is subject to the trier of fact's discretion, the trier of fact shall consider the factors set forth in paragraphs (1) to (3), inclusive, in addition to other appropriate factors, in determining the amount of fine, civil penalty or other penalty, or other remedy to impose. Whenever the trier of fact makes an affirmative finding in regard to one or more of the factors set forth in paragraphs (1) to (3), inclusive, ***it may impose a fine, civil penalty or other penalty, or other remedy in an amount up to three times greater than authorized by the statute***, or, where the statute does not authorize a specific amount, up to three times greater than the amount the trier of fact would impose in the absence of that affirmative finding.

Cal. Civ. Code § 3345(b) (emphases added). "Civil Code section 3345 authorizes the trebling of a remedy only when it is in the nature of a penalty." *Clark v. Superior Ct.*, 50 Cal. 4th 605, 609 (2010).

The applicability of § 3345(b)'s trebling hence turns on whether a statute at issue in this case "authorizes" a fine, penalty, or punitive remedy. Recall that the TAC alleges two counts: Count I

alleges a violation of California's UCL; Count II alleges a violation of the EFAA. Mr. Turner concedes that California's UCL does not authorize non-economic compensatory damages or punitive damages. *See* TAC ¶ 25; *see also Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1148 (2003).

That leaves the EFAA. Hotel Defendants argue that the EFAA does not authorize punitive damages but merely "provides attorney's fees, removal of [a statutory limitation on damages recoverable], and an employer-liability standard." Reply at 8. The Court disagrees. The provision's title expressly includes "punitive damages." *See* Cal. Welf. & Inst. Code § 15657.5. The statute further provides that, "where it is proven by clear and convincing evidence that the defendant has been guilty of recklessness, oppression, fraud, or malice"—familiar elements of a punitive damages claim—a plaintiff is entitled to recover "all other remedies otherwise provided by law." *See* Cal. Welf. & Inst. Code § 15657.5(b). Therefore, § 3345(b)'s trebling provision may apply to the EFAA. *See Johnston v. Allstate Ins. Co.*, 2013 WL 2285361, at *4 (S.D. Cal. May 23, 2013) (concluding the same); *see also Ross v. Pioneer Life Ins. Co.*, 545 F.Supp.2d 1061, 1066 (C.D. Cal. April 15, 2008) ("[T]he [l]egislative history of Civil Code § 3345 indicates that . . . it was expressly foreseen . . . [to] appl[y] to a trebling of punitive damages under Civil Code § 3294.").

But although the EFAA authorizes punitive damages, the Court finds that the TAC fails to plausibly plead $75,000 in punitive damages. Again, at best, the TAC alleges that Sherzai denied Mr. Turner's refund request, did not respond to further communications, *see* TAC ¶¶ 56–58, and that Mr. Turner thereafter escalated the dispute to the city and received a partial refund, *see* TAC ¶¶ 71–74. The email communications between Sherzai and Mr. Turner were not vulgar, disrespectful, or abusive. It is simply implausible to a legal certainty that this conduct can support a finding of oppression, fraud, or malice. And even if it did, the $75,000 punitive damages figure is facially implausible in comparison to the amount at issue for the tax dispute: $1,547.28.

At bottom, it is "apparent" "to a legal certainty" "from the face of the pleadings" "that [Mr. Turner] cannot recover the amount claimed." *Sanchez*, 102 F.3d at 402. Mr. Turner has not sufficiently pled that the amount in controversy exceeds $75,000. The allegations in the complaint—which detail a $1,547.28 tax dispute—simply fail to make out a plausible claim for diversity

jurisdiction. Hence, the case must be dismissed for lack of subject matter jurisdiction. *See Sanchez*, 102 F.3d at 402 ("[I]f, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, . . . the suit will be dismissed." (quoting *St. Paul Mercury*, 303 U.S. at 289)).

The remaining question is whether leave to amend is warranted. Applying the *Foman* factors, the Court finds that the answer is no. *See Eminence Capital*, 316 F.3d at 1052. This is now Mr. Turner's third amended complaint. The Court granted leave to amend specifically for Mr. Turner to assert diversity jurisdiction. ECF No. 75. Mr. Turner has failed to adequately do so. Amendment, moreover, would be futile, because none of the factual allegations—even after two rounds of amendments—come anywhere close to transforming this dispute over a $1,547.28 tax charge into a $75,000 case. Lastly, requiring the Hotel Defendants to respond to another heavily amended yet futile complaint would be unduly prejudicial. Under these circumstances, dismissal with prejudice is appropriate.

The Court must therefore DISMISS the TAC for lack of subject matter jurisdiction without prejudice to file an appropriate action in state court.

### C. Mr. Turner's Cross Motion for Summary Judgment

Mr. Turner moves for partial summary judgment in his opposition to the Hotel Defendants' motion to dismiss. *See* Opp. at 27–30. Specifically, Mr. Turner seeks summary judgment that:

> (1) Sunnyvale's TOT ordinance does not contain a "special room rate" exception to the thirty-consecutive-calendar-day exemption; (2) the ordinance does not provide that a same-day check-out/check-in, separate folio, separate reservation, receipt, or hotel paperwork event resets the thirty-day continuous-occupancy period during an uninterrupted stay; and (3) Defendants' two asserted conditions are not authorized by, found in, or consistent with the TOT ordinance as legal conditions defeating the exemption.

Opp. at 28.

Mr. Turner contends that (1) it is undisputed that the TOT ordinance does not contain or authorize the "special room rate" or "same-day check-out/check-in" conditions, *id.* at 28; (2) that a finding to the contrary would "contradict" the "structure" of the TOT ordinance, *id.* at 28–29; and (3) that partial summary judgment will narrow the case, *id.* at 29–30.

The Hotel Defendants respond that the motion for summary judgment is improper because it (1) has not been noticed; (2) is premature; and (3) identifies no cognizable issue or material fact; and (4) urges this Court to usurp the Sunnyvale Tax Administrator's authority in interpreting the Municipal Code. *See* Cross Opp. at 4–6.

Because the Court does not have jurisdiction over the case, it cannot rule on Mr. Turner's motion for partial summary judgment. The Court further notes that Mr. Turner did not file a separate motion for summary judgment or notice the motion for hearing. *See* Civ. L.R. 7-2(a) ("[A]ll motions must be . . . noticed . . . for hearing not less than 35 days after filing of the motion."), 7-2(b) (requiring "notice of the motion").

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) The motions to strike are DENIED.

(2) Based on Mr. Turner's representation that the substitution of Executive Inn for Ramada is a "correction of legal name and party identity," Opp. at 17, the motion to dismiss under Fed. R. Civ. P. 12(b)(1) is GRANTED against Defendants without prejudice for Mr. Turner to file an appropriate action in state court.

(3) Judgement is hereby entered in favor of all Defendants because the Court lacks subject matter jurisdiction.

(4) This order terminates ECF No. 78.

(5) The Clerk SHALL close the case and terminate any pending hearings or deadlines.

Dated: November 6, 2026

BETH LABSON FREEMAN
United States District Judge